IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BURNS RANCHES, INC.**,

    Plaintiff,

    v.

**UNITED STATES DEPARTMENT
OF THE INTERIOR, et al.**,

    Defendants.

No. 2:11-cv-00741-MO

OPINION AND ORDER

    **MOSMAN, J.**,

Burns Ranches, Inc. ("Burns Ranches") brought this action for declaratory relief against the United States Department of Interior ("DOI") and several entities and individuals associated with a partnership named Clearwater Land Exchange–Oregon (collectively "Clearwater" or "Nongovernmental Defendants"). Burns Ranches alleges that the DOI is violating the Oregon Land Exchange Act of 2000, Pub. L. No. 106-257, 114 Stat. 650 (2000) (the "Exchange Act"), and that the Nongovernmental Defendants are necessary parties to this suit. The DOI and the Nongovernmental Defendants each moved to dismiss [9][13] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As explained below, I grant both motions.

1 – OPINION AND ORDER

## BACKGROUND

This case centers on roughly 400 acres of northeastern Oregon land that was part of a planned land exchange. According to Burns Ranches, the Exchange Act authorized the DOI to exchange public land in order to acquire more desirable private land, and it authorized Clearwater to serve as a "facilitator" for exchanges. Clearwater's duties included analyzing which private landowners the DOI should exchange land with, coordinating exchanges, and serving as a middleman for transactions with the DOI.

Clearwater and Burns Ranches worked out an agreement whereby the DOI would transfer public land—including the 400 acres at issue here—to Clearwater. Clearwater would then transfer that land to Burns Ranches. In exchange, Burns Ranches would fund the acquisition of certain private property that the DOI had its eyes on. That land would eventually go to Clearwater, and Clearwater would in turn transfer it to the DOI.

Unfortunately, this seemingly good idea ended up in at least two lawsuits. After the DOI transferred ownership of the public land to Clearwater, Burns Ranches was unwilling to proceed with the transaction due to some "discrepancies." Clearwater sued in state court and Burns Ranches successfully counterclaimed for a rescission of their agreement. Once the agreement was rescinded, however, Clearwater did not simply turn the 400 acres back over to the DOI. Rather, Clearwater now allegedly claims an ownership interest in that land. The rub for Burns Ranches is that the DOI permitted Burns Ranches to graze cattle on the land, but Clearwater is allegedly not being so generous. This turn of events apparently led to this lawsuit. Burns Ranches sued for a declaration that the DOI must take action under the Exchange Act to recover the property from Clearwater. It has no claims against the Nongovernmental Defendants, but argues they are indispensable parties.

## STANDARD

The DOI asserts that this case should be dismissed under Fed. R. Civ. P. 12(b)(1), based on the doctrine of sovereign immunity.  "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.  A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  The party asserting a claim against the United States bears "the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress." *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).  Sovereign immunity is a defense properly raised under Fed. R. Civ. P. 12(b)(1).  *Tobar,* 639 F.3d at 1194.[1]

## DISCUSSION

Burns Ranches relies exclusively on 28 U.S.C. § 2201 ("§ 2201"), the first section of the Declaratory Judgment Act, for a waiver of sovereign immunity in this case.  That reliance is misplaced.

§ 2201 provides that "[i]n a case of actual controversy within its jurisdiction, except with respect to [certain federal tax and civil actions] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The fact that a court may grant declaratory relief against any type of defendant in a case otherwise within the court's jurisdiction does not imply, let alone expressly state, that the

---

[1] In addition to sovereign immunity, the DOI argues that plaintiff's claim is barred because the Exchange Act does not create a private cause of action and, even if it does, the suit is barred by the applicable statute of limitations.  The Nongovernmental Defendants join in the DOI's arguments and also argue they are not necessary parties, among other things.  I find that sovereign immunity is dispositive of this case, and therefore do not discuss these other arguments or the standards that apply to them.

3 – OPINION AND ORDER

United States has waived its immunity for all declaratory relief claims. The language of § 2201 in fact indicates that the statute is "procedural only." *Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011). Plaintiff has not cited a single case reading a waiver of sovereign immunity into § 2201 and I agree with the courts that have rejected plaintiff's argument. *E.g.*, *Pine Bar Ranch, LLC v. Acting Reg'l Dir., Bureau of Indian Affairs*, 10-88-RFC, 2011 WL 2268480, at *2 (D. Mont. June 7, 2011); *Grondal v. United States*, 682 F. Supp. 2d 1203, 1219 (E.D. Wash. 2010); *Western Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1048 (D. Nev. 2005); *Muirhead v. Mecham*, 427 F.3d 14, 18 n.1 (1st Cir. 2005); *Balistrieri v. United States*, 303 F.2d 617, 619 (7th Cir. 1962); *Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956); *Stout v. United States*, 229 F.2d 918, 919 (2d Cir. 1956).

Burns Ranches argues that the Ninth Circuit's decision in *E.J. Friedman Co. v. United States*, 6 F.3d 1355 (9th Cir. 1993) ("*E.J. Friedman*") indicates § 2201 is a waiver of sovereign immunity.[2] There, the Ninth Circuit rejected an argument that § 2201 constitutes a waiver of sovereign immunity in a case involving Federal taxes. 6 F.3d at 1358–59. The court explained: "While § 2201 *grants jurisdiction* to the district court over cases seeking declaratory relief, a specific exception exists for disputes with respect to Federal taxes. Because the case at bar involves federal taxes, declaratory relief is unavailable, and § 2201 cannot serve as a waiver of sovereign immunity." *Id.* (emphasis added). The implication of that language, according to plaintiff, is that § 2201 is a waiver of sovereign immunity in this case. The argument goes that § 2201 does grant jurisdiction in cases that do not involve taxes, according to *E.J. Friedman*, so it operates as a waiver of sovereign immunity because *E.J. Friedman* implied that a grant of jurisdiction necessarily waives sovereign immunity.

---

[2] Plaintiff raised this argument in a proposed surreply [23] after briefing on the motion to dismiss otherwise closed. As is evident from this discussion, I have reviewed in detail plaintiff's proposed surreply but find that it does not change the result.

4 – OPINION AND ORDER

Plaintiff's argument relies on two steps that fail in light of subsequent Ninth Circuit law on § 2201 and sovereign immunity.  First, to the extent the Ninth Circuit in *E.J. Friedman* described § 2201 as a "grant" of any jurisdiction, it is no longer good law.  *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 852 (9th Cir. 2011) (holding that the Ninth Circuit's prior descriptions of § 2201 as a grant of "discretionary jurisdiction" were "imprecise" because a court's jurisdiction is distinct from its remedial powers and § 2201 only affects the latter).  § 2201 "in no way modifies the district court's jurisdiction."  *Id.; see also Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (explaining that § 2201 "is not an independent source of federal jurisdiction").  "The operation of the Declaratory Judgment Act is procedural only," which means it should not be considered a grant of jurisdiction, *Cal. Shock Trauma Air Rescue*, 636 F.3d at 543, and cuts sharply against treating it as a waiver sovereign immunity.  *See Brownell v. Ketcham Wire & Mfg.*, 211 F.2d 121, 128 (9th Cir. 1954) ("[T]he Declaratory Judgment Act . . . is not a consent of the United States to be sued, and merely grants an additional remedy in cases where jurisdiction already exists in the court.").

Second, even if § 2201 did grant jurisdiction, it would not necessarily waive sovereign immunity.  Absent a waiver of sovereign immunity, a court lacks subject matter jurisdiction over a suit against the United States.  *E.g., Dunn & Black P.S.*, 492 F.3d at 1087 (explaining that the doctrine of sovereign immunity "is an important limitation on the subject matter jurisdiction of federal courts") (quoting *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006)).  However, sovereign immunity and subject matter jurisdiction are "distinct" concepts.  *United States v. Park Place Assocs., Ltd.,* 563 F.3d 907, 923 (9th Cir. 2009) (citing *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991)).  "A waiver of sovereign immunity means the United States is amenable to suit in a court properly possessing jurisdiction; it does not guarantee

a forum." *Id*. "Conversely, the mere existence of a forum does not waive sovereign immunity." *Id*. at 924. "A statute may create subject matter jurisdiction yet not waive sovereign immunity." *Id*.; *see also Jachetta v. United States,* 653 F.3d 898, 903 (9th Cir. 2011) (citing with approval the explanation in *Park Place Associates Ltd*. of the "relationship between sovereign immunity and subject matter jurisdiction"). For this reason, even assuming § 2201 granted jurisdiction (which it does not) it would not be accurate to jump from there to a conclusion that § 2201 necessarily waives sovereign immunity. Any implication in *E.J. Friedman* to the contrary is no longer good law.

## CONCLUSION

Burns Ranches has not met its burden of establishing an unequivocal waiver of sovereign immunity that applies in this case. It has instead relied exclusively on § 2201, which does not work. Accordingly, the DOI's motion to dismiss [9] is GRANTED. Since the claim against the DOI fails, and Burns Ranches has not brought an independent claim against the Nongovernmental Defendants, their motion to dismiss [13] is GRANTED as well.

IT IS SO ORDERED.

DATED this   29th   day of November, 2011.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Court