IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BURNS RANCHES, INC.,**

    Plaintiff,                                                                            No. 2:11-cv-00741-MO

    v.                                                                                OPINION AND ORDER

**UNITED STATES DEPARTMENT
OF THE INTERIOR, et al.,**

    Defendants.

**MOSMAN, J.**,

Burns Ranches, Inc. ("Burns Ranches"), filed a Motion for Reconsideration [28], requesting that I reconsider my Opinion and Order dated November 29, 2011, dismissing this case with prejudice. I deny the motion for the reason explained below.

### BACKGROUND

On November 29, 2011, I dismissed this case with prejudice because Burns Ranches failed to establish a waiver of sovereign immunity for its declaratory judgment claim against the United States Department of the Interior ("DOI"). (Opinion and Order [26]). The claim arose from a land exchange initiated in 2001, pursuant to the Oregon Land Exchange Act of 2000, Pub.L. No. 106–257, 114 Stat. 650 (2000) ("OLEA"). Burns Ranches alleged that DOI planned to deed

1 – OPINION AND ORDER

approximately 400 acres of public land to a third party intermediary, Clearwater Land Exchange ("Clearwater"), which would then transfer it to Burns Ranches. In return, Burns Ranches would fund DOI's acquisition of other land. Burns Ranches historically held permits to graze on the 400 acres of land it would acquire. DOI transferred title for the 400 acres to Clearwater, but then, due to some "discrepancies," Burns Ranches decided not to proceed with the exchange. Clearwater sued in state court to force Burns Ranches to complete the agreed deal, and Burns Ranches successfully counterclaimed for a rescission of the exchange agreement. After that state suit was resolved in 2008, Clearwater, as the apparent owner of the 400 acres, refused to let Burns Ranches graze on the land. When it became clear to Burns Ranches that the government was not going to reclaim the land and restore its grazing rights, Burns Ranches filed a claim for declaratory relief in federal court. As I explained in my November 29, 2011, opinion, Burns Ranches' claim failed because it relied exclusively on 28 U.S.C. § 2201 to establish a waiver of sovereign immunity.

Now, Burns Ranches seeks reconsideration and leave to amend to rely on the Administrative Procedure Act ("APA") for a waiver of sovereign immunity. The basic claim remains that DOI must reclaim the land Clearwater currently owns. Section 702 of the APA generally waives the United States' sovereign immunity when injunctive relief is sought against an agency, and DOI does not dispute that framing this claim as an APA claim would solve the sovereign immunity problem. However, DOI argues any APA claim would fail for other reasons, and therefore, there is no reason for me to reconsider my previous ruling.

## LEGAL STANDARD

Reconsideration of a judgment is provided by Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). *Daul v. PPM Energy, Inc.*, 267 F.R.D. 641, 651 (D. Or. 2010). A motion filed within ten days of the dismissal is treated as a motion to alter or amend under Rule 59. *Id.* "Reconsideration is

2 – OPINION AND ORDER

appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1988). Reconsideration is generally disfavored. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## DISCUSSION

Burns Ranches neither presents new evidence nor claims an intervening change in the law. Thus, reconsideration is only appropriate if my previous decision was in clear error or manifestly unjust. Burns Ranches does not argue that I incorrectly analyzed the previously presented sovereign immunity issue, so they are left with the claim that my decision was manifestly unjust. Because Burns Ranches' proposed amendments do not form a viable claim, I find that Burns Ranches' claim under the APA would be futile and subject to dismissal. Therefore my previous decision is not manifestly unjust and I deny the motion.

Under the APA, only final agency actions can be reviewed in court. *See* 5 U.S.C. § 704. An agency action is final if: (1) the decision marks the completion "of the agency's decisionmaking process," and (2) is a decision "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (quotation omitted). Final agency action "amounts to a definitive statement of the agency's position" or "has a direct and immediate effect on the day-to-day operations" of the concerned party. *Indus. Customers of NW Util. v. Bonneville Power Admin.*, 408 F.3d 638, 646 (9th Cir. 2005) (quotation omitted).

Additionally, section 706(1) of the APA provides that a court can compel an agency to act when the agency action is discrete and demanded by the law. 5 U.S.C. § 706(1); *see also Norton v.*

3 – OPINION AND ORDER

*S. Utah Wilderness Alliance* ("*SUWA*"), 542 U.S. 55, 64 (2004). However, section 706(1) applies only when "an agency has ignored a specific legislative command." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010).

Burns Ranches alleges DOI's decision to leave the contested land in Clearwater's possession after the agreement was rescinded by the state court is a reviewable final agency action.[1] There are legal consequences and immediate effects on both Clearwater and Burns Ranches because the land was left in Clearwater's possession. Even so, it is not clear that the decision marked the end of DOI's decision making process or was a definitive statement of its position because it is unclear that DOI considered making any decision after the initial land transfer. Here it is unnecessary to determine if DOI's behavior is a final agency action because, regardless of the outcome, Burns Ranches claim fails to satisfy section 706(1).

Burns Ranches amended pleading would rely exclusively on OLEA to satisfy section 706(1). Burns Ranches alleges that OLEA requires DOI to reclaim the contested land because the statute only allows Clearwater to possess the land as part of the agreement rescinded by the state court. This reliance is misplaced. OLEA does not include a "specific legislative command" as to what DOI must do under these conditions, when the land transfer stopped after DOI deeded the land to Clearwater, so there is no action that is being withheld. Burns Ranches' claim also does not include any other statutes that direct the agency to reclaim the 400 acres.

---

[1] DOI's original conveyance to Clearwater, to begin the land exchange in 2001, is likely final agency action. However, Burns Ranches does not claim I should review that action. Further, if I did review that action, the claim would fail for two reasons. First, the statute of limitations to review that claim has run because it was completed in 2001. *See* 28 U.S.C. §2401(a) (providing a six-year statute of limitations for claims against the government); *Wind River Min. Corp v. United States*, 946 F.2d 710, 713 (9thCir 1991) ("[S]ection 2401(a) applies to actions brought under the APA"). Second, by deeding the land to Clearwater, DOI performed the action required by OLEA.

4 – OPINION AND ORDER

## CONCLUSION

I find that DOI has not withheld any action required by OLEA for the purpose of Burns Ranches' proposed APA claim. As a result, the APA Burns Ranches proposes would fail. Accordingly, my previous decision to dismiss this case with prejudice is not manifestly unjust, and I DENY the Motion for Reconsideration [28].

IT IS SO ORDERED.

DATED this   3rd   day of April, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court